UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BIGGE CRANE AND RIGGING CO.,<br><br>              Plaintiff,<br>   v.<br>TRANSLINK, INC.,<br><br>              Defendant.<br>_____/ | No. C 10-03530 LB<br><br>**ORDER DIRECTING PLAINTIFF TO FILE SUPPLEMENTAL BRIEF RE ATTORNEYS' FEES**<br><br>[ECF No. 36] |

In the above-captioned matter, Plaintiff Bigge Crane and Rigging Co. filed a motion for default judgment that has been noticed for hearing on May 5, 2011. ECF No. 36.[1] Plaintiff seeks attorneys' fees. *Id.* at 1. Plaintiff's counsel filed a declaration in support of the application for the award of attorneys's fees. ECF No. 37. The undersigned directs Plaintiff's counsel to supplement his declaration to address the two deficiencies identified below.

First, as to the requested rate, the fee applicant has the burden of producing satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of attorneys of reasonably comparable skill, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Affidavits of the plaintiff's attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of

---

[1] Citations are to the clerk's electronic case file (ECF) with pin cites to the electronic page numbers at the top (as opposed to the bottom) of the page.

the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). While the undersigned does not intend for Plaintiff to incur significant expense in addressing this deficiency, an attorney's declaration regarding the reasonableness of his or her own rate, standing alone, is insufficient to meet the fee applicant's burden. *Wren v. RGIS Inventory Specialists*, No. C–06–05778 JCS, 2011 WL 1230826, (N. D. Cal. Apr. 1, 2011) (citing *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987)); *APL Co. Pte. Ltd. v. UK Aerosols Ltd.*, No. C 05-00646 MHP, 2010 WL 347667, at *4 (N. D. Cal. Sept. 3, 2010) (same).

Second, as to the requested hours, a fee applicant must show that she exercised billing judgment in the preparation of the attorney's fee application and that the requested hours were reasonably expended (i.e., not duplicative, unproductive, excessive or otherwise unnecessary). *Hensley*, 461 U.S. at 434. Detailed billing records – e.g., hourly invoices – are generally required to assist the court in its determination of reasonable fees. *See, e.g.*, *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1232 (9th Cir. 1997) ("[T]he district court abused its discretion by not requiring . . . original time records and billing statements."); *Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the district court may reduce the award accordingly.").

The court **ORDERS** Plaintiff to file the supplemental brief by May 9, 2011, and – if not unduly burdensome – to email the billing records in Wordperfect, Microsoft Word, or Microsoft Excel format to lbpo@cand.uscourts.gov. Given this new briefing schedule, the court **VACATES** the hearing scheduled for May 5, 2011 and **RESCHEDULES** the hearing for May 26, 2011 at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: April 26, 2011

_____
LAUREL BEELER
United States Magistrate Judge