UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

BIGGE CRANE AND RIGGING CO.,                   No. C 10-03530 LB

             Plaintiff,                    **ORDER DIRECTING
   v.                                            SUPPLEMENTAL BRIEFING**

TRANSLINK, INC.,                                    [ECF No. 36]

          Defendant.
_____/

    Pursuant to its discretion under Local Rule 7-1(b), the court determined that this matter is appropriate for resolution without oral argument.  ECF No. 46.  In its order vacating the hearing, the court directed Bigge Crane to submit a supplemental brief discussing whether the court has personal jurisdiction over Translink.  *Id.*  Bigge Crane filed a supplemental brief and declaration that thoroughly addressed the issue.  ECF Nos. 47 and 48.  While the court had indicated that this was the only issue requiring additional clarification, upon further review, the court has identified a few additional questions regarding Bigge Crane's requested damages.

    In the complaint, Bigge Crane specifies that it is seeking $425,354 in rent and $6,190 in repairs under the Manitowoc lease and $557,762 in rent under the Liebherr lease as of April 6, 2010. Complaint, ECF No. 1 at 7.  Bigge Crane thus claims that Translink owes "not less than $989,306, plus any additional rents and charges that accrue after April 6, 2010."  *Id.*

    In its motion for default judgment, Bigge Crane seeks $1,059,306 in principal – the amount discussed above and $45,000 in freight charges under the Manitowoc lease and $25,000 in freight

ORDER DIRECTING SUPPLEMENTAL BRIEFING
C 10-03530 LB

charges under the Liebherr lease.  ECF No. 36 at 2.  Bigge Crane seeks $284,776 in late charges, calculated at 18% interest per year to February 28, 2011, and $522.40 per day from February 28, 2011 until entry of judgment.  *Id.* at 2, 5.

The court has three questions regarding the requested damages.  First, a default judgment may not provide for damages that are "different in kind or exceed in amount that prayed for in the [complaint]."  Fed.R.Civ.P. 54(c).  In this case, it is not clear whether the freight charges added in the motion for default judgment are covered by the prayer for relief in the complaint.  Second, Bigge Crane does not explain how it calculated the accelerated invoice amounts.  Third, for each contract, the interest appears to be calculated by applying the contractual interest rate for the total unpaid balance from the date of the first missed payment instead of the specific dates upon which each of the missed payments were due.

The court **ORDERS** Bigge Crane to provide a supplemental brief addressing these issues.  If a telephone hearing is necessary, the court will schedule one.  The supplemental brief is due no later than July 22, 2011.

**IT IS SO ORDERED.**

Dated: July 1, 2011

_____
LAUREL BEELER
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL BRIEFING
C 10-03530 LB

2

**UNITED STATES DISTRICT COURT**
For the Northern District of California