UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| BIGGE CRANE AND RIGGING CO., | No. C 10-03530 LB |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| TRANSLINK, INC., | **REPORT AND RECOMMENDATION** |
| Defendant. _____/ | [ECF No. 36] |

## I. INTRODUCTION

The court recommends granting default judgment in favor of Plaintiff Bigge Crane and Rigging, Co. ("Bigge Crane"), which sued Defendant Translink, Inc. ("Translink") for breach of contract and related claims based on Translink's alleged failure to pay the for the rental of two large cranes. *See* Complaint, ECF No. 1 at 6-7.[1] This court finds that (A) Bigge Crane established subject matter and personal jurisdiction, (B) the factors in *Eitel v. McCool* favor entry of default judgment, and (C) the general damages are reasonable and appropriate. Therefore, the court recommends that Bigge Crane's motion for default judgment be granted and that the court award $908,190 in rent and repairs, $121,011 in interest, $3,357 in attorney's fees, and $642 in costs. Because the defendant has not appeared and thus has not consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c),

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

this matter should be reassigned to a district judge with this recommendation for default judgment.

## II. FACTS

On or about September 22, 2008, Bigge Crane and Translink entered into a written agreement (the "Manitowoc Lease") whereby Bigge leased a Manitowoc 230 ton crawler crane to Translink. Complaint, ECF No. 1 at 6, ¶ 6; *see* Manitowoc Lease, Exh. A., ECF No. 1 at 34. Pursuant to the Manitowoc Lease, Translink agreed to pay $22,000 in rent per month, with a guaranteed minimum rental of $528,000, plus freight and tax, with a rental start date of April 15, 2009. Complaint, ECF No. 1 at 6, ¶ 7; *see* Manitowoc Lease, Exh. A., ECF No. 1 at 34.

On or about June 16, 2009, Bigge Crane and Translink entered into a second written agreement (the "Liebherr Lease") whereby Bigge Crane leased a 2006 Liebher LR 1200 250 ton capacity crane to Translink. Complaint, ECF No. 1 at 6, ¶ 9; Liebherr Lease, Exh. B., ECF No. 1 at 39. Pursuant to the Liebherr Lease, Translink, Inc. agreed to pay $22,000 in rent per month, with a guaranteed minimum rental of $528,000, plus freight and tax, with a rental start date of July 27, 2009. Complaint, ECF No. 1 at 6, ¶ 10; Liebherr Lease, Exh. B., ECF No. 1 at 39.

Both leases called for monthly payment of rent to Bigge Crane's offices in San Leandro, California. Complaint, ECF No. 1 at 6, ¶ 8; Manitowoc Lease, Exh. A., ECF No. 1 at 35, ¶ 2; Liebherr Lease, Exh. B., ECF No. 1 at 40, ¶ 2. Both leases included a provision calling for the payment of 18% per year in late charges, if payment was not tendered within ten days of the monthly invoice date. Complaint, ECF No. 1 at 7, ¶ 17; *see* Manitowoc Lease, Exh. A., ECF No. 1 at 35, ¶ 2; Liebherr Lease, Exh. B., ECF No. 1 at 40, ¶ 2. Both leases also included a provision calling for the payment of attorneys' fees and costs in the event that the lessee (i.e., Translink) failed to make the payments. Complaint, ECF No. 1 at 7, ¶ 18; *see* Manitowoc Lease, Exh. A., ECF No. 1 at 37, ¶ 14; Liebherr Lease, Exh. B., ECF No. 1 at 42, ¶ 14.

Bigge Crane provided the equipment and performed all other contract conditions, except those which were waived or otherwise discharged. Complaint, ECF No. 1 at 6-7, ¶ 13. Translink did not pay the rent and other amounts owed for the crane rentals. *Id.* at 7, ¶ 14. Bigge Crane claims that it is owed more than $989,306 in rent and repairs plus late charges and attorney fees. *Id.* at 7, ¶¶ 14, 16.

Bigge Crane filed its complaint in Alameda County Superior Court and served the summons and the complaint on Translink, Inc., based in Houston, Texas ("Translink, Inc. of Texas"). *Id.* at 3, 5. Translink, Inc. of Texas removed the action. *Id.* at 1. Subsequently, Translink, Inc. of Texas asserted that it was not the correct party. Bigge Crane and Translink, Inc. of Texas entered into a stipulation whereby Translink, Inc. of Texas was not required to take any further action in the case. Stipulation and Order, ECF No. 12. On October 18, 2010, the agent for service of process of Translink, Inc. of Oklahoma was served with the complaint and with the summons issued by the district court. Certificate of Service, ECF No. 14. Translink, Inc. of Oklahoma (hereinafter "Translink") failed to appear or otherwise respond to the complaint within the time permitted by the Federal Rules of Civil Procedure. Conference Statement, ECF No. 28 at 5.

Bigge Crane filed an application for entry of default judgment on March 2, 2011 and served the application on Translink on the same day. ECF No. 32. The clerk entered default judgment against Translink on March 11, 2011. ECF No. 35. Bigge Crane filed its motion for entry of default judgment on the same day. ECF No. 36.[2]

Bigge Crane requests $908,190 in rent and repairs, $121,011 in interest through July, 2011, $3,357 in attorneys' fees, and $642 in costs. ECF No. 36 at 3, 5; ECF No. 51 at 3..

### III. DISCUSSION

**A. Subject Matter and Personal Jurisdiction**

Before entering default judgment, a court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

**1. Subject Matter Jurisdiction**

The court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff Bigge Crane is a California corporation, Defendant Translink is an Oklahoma corporation, and the amount in dispute exceeds $75,000.

---

[2] Fed. R. Civ. P. 5(a)(2) states that service of a motion is not required when the party is in default for failing to appear. *See Peterson v. Islamic Republic Of Iran*, 627 F.3d 1117, 1130 n. 5 (9th Cir. 2010).

**2. Personal Jurisdiction**

Where, as here in this diversity action, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. See Fed. R. Civ. Pro. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same. *Panavision*, 141 F.3d at 1320; Cal. Code Civ. P. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States"). A court may exercise personal jurisdiction over a defendant consistent with due process only if he or she has "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction-that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Here, there are no allegations that Translink has sufficient contacts to support general personal jurisdiction. Only specific jurisdiction is at issue.

The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the nonresident defendant must purposefully direct his activities at the forum state or purposefully avail himself of the benefits and protections of the laws of the forum state, (2) the claim must be one which arises out of or relates to the defendant's forum-related activities, and (3) the exercise of personal jurisdiction must be reasonable. *Id.* at 1205-1206 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)).

The first prong may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof. *Yahoo! Inc.*, 433 F.3d at 1206. "Evidence of availment is typically action taking place in the forum that invokes the benefits and protections of the laws in the forum. Evidence of direction generally

consists of action taking place outside the forum that is directed at the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006).

In this case, Translink entered into two contracts with Bigge Crane, a California corporation. Complaint, ECF No. 1 at 5-6, ¶¶ 1, 8, 11. The contracts called for minimum rental periods of 24 months. Manitowoc Lease, Exh. A., ECF No. 1 at 34; Liebherr Lease, Exh. B., ECF No. 1 at 39. Translink then breached the contracts by not making payments to Bigge Crane's San Leandro office, actions targeted at the California-based plaintiff. Complaint, ECF No. 1 at 5-6, ¶¶ 1, 8, 11. Additionally, the contracts stated that "the execution and performance thereof shall be governed by the laws of the State of California." Manitowoc Lease, Exh. A., ECF No. 1 at 37, ¶ 18; Liebherr Lease, Exh. B., ECF No. 1 at 42, ¶ 18. Accordingly, the first prong is met. *See Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002); *AdVideo, Inc. v. Kimel Broadcast Group, Inc.*, 727 F.Supp. 1337, 1340-41 (N.D. Cal. 1989) (noting that, had plaintiff breached the agreement, the defendant in that action "would have been entitled to the protection and benefits afforded by California law").

The second prong is satisfied because Bigge Crane would not have any claims against Translink had Translink not failed to make the majority of payments to Bigge Crane's principal place of business in California.

The third prong is satisfied because a presumption of reasonableness exists once the court finds that plaintiffs have established the purposeful availment prong. *See Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

For the foregoing reasons, the court finds that it has personal jurisdiction over Translink.

**B. Default Judgment**

Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for – and the court may grant – a default judgment against a defendant who has failed to plead or otherwise defend an action. Default judgments generally are disfavored because "cases should be decided on their merits whenever reasonably possible." *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986).

The court must consider the following factors when deciding whether to use its discretion to

1  grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of
2  plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in
3  the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to
4  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure
5  favoring decisions on the merits. *Id.* at 1471-72. The factors here favor entry of default judgment
6  against Translink.

**1. Merits and sufficiency of complaint (prongs two and three of *Eitel* test)**

After entry of default, well-pleaded allegations in the complaint regarding liability and entry of default are taken as true, except as to the amount of damages. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The court is not required to make detailed findings of fact. *Id.*

*a. Breach of contract claim*

Under California law, to recover damages under a breach of contract claim, Bigge Crane must prove the following: (i) Bigge Crane and Translink entered into a contract; (ii) Bigge Crane did all, or substantially all, of the significant things that the contract required him to do; (iii) Translink failed to do something that the contract required them to do; and (iv) Bigge Crane was harmed by that failure. *Reichert v. General Ins. Co. of America*, 68 Cal.2d 822, 830 (1968); *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971); *see also* Cal. Jury Instruction § 303 (2009).

Bigge Crane alleged that it and Translink entered into two contracts. Complaint, ECF No. 1 at 6, ¶¶ 6, 9; *see* Manitowoc Lease, Exh. A., ECF No. 1 at 34; Liebherr Lease, Exh. B., ECF No. 1 at 39. Bigge Crane alleged that it provided the equipment and performed all other contract conditions, except those which were waived or otherwise discharged. Complaint, ECF No. 1 at 6-7, ¶ 13. Bigge Crane alleged that Translink did not pay the rent and other amounts owed for the crane rentals. *Id.* at 7, ¶ 14. Bigge Crane claims that it is owed more than $989,306 in principal plus late charges and attorney fees. *Id.* at 7, ¶¶ 14, 16.

Thus, Bigge Crane's complaint contains sufficient facts establishing the elements of the claim.

*b. Monies Due, Quantum Meruit, and Account Stated*

Although California case law permits the use of common counts, "where the common counts follow a count wherein all of the facts on which plaintiff's demand is based are specifically pleaded

and the common counts upon their face make it clear that they are based upon the same set of facts, the common counts are to be considered not as different causes of action, but as alternative methods of pleading the plaintiff's right to recover the money judgment he seeks." *Maselli v. E. H. Appleby & Co.*, 117 Cal. App.2d 634, 637 (1953); *see also Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1405 (9th Cir. 1996) ("it is well settled that there is no equitable basis for an implied-in-law promise to pay reasonable value when the parties have an actual agreement covering compensation" (quoting *Hedging Concepts, Inc. v. First Alliance Mortgage Co.*, 41 Cal. App. 4th 1410, 1419 (1996))). In any event, damages awarded for the breach of contract provide Bigge Crane with complete relief.

### 2. The Remaining *Eitel* Factors

The remaining *Eitel* factors, on balance, also weigh in favor of granting default judgment.

*a. Possibility of prejudice to plaintiff.* If the motion is not granted, Bigge Crane has no recourse for recovery. Accordingly, the first *Eitel* factor favors granting default judgment.

*b. Possibility of dispute concerning a material fact.* Translink never answered the complaint and so there is no information that there might be a disputed issue of material fact. The issues are straightforward: did Translink agree to the leases and fail to pay?. Given that the issues are easily ascertainable from the contracts, the possibility for substantial fact disputes is unlikely.

*c. Excusable Neglect.* There is no suggestion of excusable neglect.

*d. Sum of money at stake in the action.* When the money at stake in the litigation is substantial or unreasonable in relation to the seriousness of the defendant's conduct, default judgment is discouraged. *See Eitel*, 782 F.2d at 1472 (three- million dollar judgment, considered in light of parties' dispute as to material facts, supported decision not to enter summary judgment). Bigge Crane claims that it is owed $1,029,201 in principal and late charges plus attorney fees. Supplemental Brief, ECF No. 50 at 2. This amount is reasonable in light of the contracts, which reflect the intent and agreement of both parties. Thus, this factor does not disfavor default judgment.

*e. Strong policy in Federal Rules favoring decisions on merits.* Despite the policy of favoring decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case. Fed. R. Civ. P. 55(b).

## C. <u>Damages</u>

In the complaint, Bigge Crane specifies that it is seeking $425,354 in rent and $6,190 in repairs under the Manitowoc lease and $557,762 in rent under the Liebherr lease as of April 6, 2010. Complaint, ECF No. 1 at 7. Bigge Crane thus claims that Translink owes "not less than $989,306, plus any additional rents and charges that accrue after April 6, 2010." *Id.*

In its motion for default judgment, Bigge Crane sought $1,059,306 in principal – the amount discussed above and $45,000 in freight charges under the Manitowoc lease and $25,000 in freight charges under the Liebherr lease. ECF No. 36 at 2. Bigge Crane also sought $284,776 in late charges, calculated at 18% interest per year to February 28, 2011, and $522.40 per day from February 28, 2011 until entry of judgment. *Id.* at 2, 5. Finally, Bigge Crane sought $3,357 in attorneys' fees and $642 in recoverable costs. *Id.* at 2.

In response to questions from the court regarding its damages calculations, Bigge Crane submitted a revised request and explanation. Supplemental Brief, ECF No. 50; Banaria Decl., ECF No. 51. In its revised request Bigge Crane does not seek the freight charges, which were not included in the original complaint. Banaria Decl., ECF No. 51 at 1. Bigge Crane also recalculated the interest due on the missed invoices, applying the 18% per year rate to each invoice beginning fifteen days after it was due. *Id.* at 2. Bigge Crane also provided its calculations for the accelerated invoices, explaining that it calculated the present value for rentals due after July 1, 2011 using the two-year Treasury bond rate of .43% (a conservative approach that favored Translink). *Id.*

If a plaintiff proves a breach of contract, he is entitled to damages in "the amount due by the terms of the obligation, with interest thereon." Cal. Civ. Code § 3302; *Wichita Eagle & Beacon Pub. Co., Inc. v. Pac. Nat. Bank of San Francisco*, 493 F.2d 1285, 1287 (9th Cir. 1974).

If the parties stipulate to an interest rate in the contract, the interest "remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." Cal. Civ. Code § 3289(a); *Chevron TCI, Inc. v. Carbone Props. Manager, LLC*, No. C 08-0782 JCS, 2009 WL 929060, at *7 (N.D. Cal. Apr. 3, 2009). Here, the contracts called for interest rates of 18% per year in late charges. Banaria Declaration, ECF No. 38 at 2, ¶ 12; *see* Manitowoc Lease, Exh. A., ECF No. 38 at 5, ¶ 2; Liebherr Lease, Exh. B., ECF No. 38 at 9, ¶ 2. Accordingly, the court finds that

1  Bigge Crane is entitled to interest at the rate of 18% per year.

2  Thus, under the terms of the contracts, Bigge Crane may recover the following:

3  1.  $396,000 in missing rent pursuant to the Manitowoc lease;

4  2.  $606,000 in rent pursuant to the Liebherr lease;

5  3.  $6,190 for repairs under the Manitowoc lease;

6  4.  $121,011 in prejudgment interest calculated at the contract rate of 18% annually through July 22, 2011.

8  Banaria Decl., ECF No. 51; Manitowoc Lease, Exh. A., ECF No. 38; Liebherr Lease, Exh. B., ECF No. 38.

### D. **Attorneys' Fees and Costs**

Bigge Crane requests attorneys' fees and costs. Motion for Default Judgment, ECF No. 36 at 3. Both leases included a provision calling for the payment of attorneys' fees and costs in the event that the lessee (i.e., Translink) failed to make the payments. Complaint, ECF No. 1 at 7, ¶ 18; *see* Manitowoc Lease, Exh. A., ECF No. 1 at 37, ¶ 14; Liebherr Lease, Exh. B., ECF No. 1 at 42, ¶ 14.

To determine a reasonable fee award, the Ninth Circuit uses the lodestar method. *Grove v. Wells Fargo Financial Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The court calculates a "lodestar amount" by multiplying the number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Id.*

a. *Reasonable Hourly Rate*

A reasonable hourly rate is that prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.,* 523 F.3d 973, 979 (9th Cir. 2008). The relevant community is "the forum in which the district court sits," which here is the Northern District of California. *Camacho*, 523 F.3d at 979. The party requesting fees must produce satisfactory evidence – in addition to the attorney's own affidavits or declarations – that the rates are in line with community rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir.1987).

Bigge Crane requests an hourly rate of $370 for partner Alan Rosin and $265 for law associate

1  David Ashby. Rosin Declaration, ECF No. 37 at 2. Rosin has been in practice for 26 years with
2  significant experience in the field and has been recognized as AV rated lawyer by Martindale
3  Hubbell. *Id.* at 2-3. Ashby has been a lawyer for about five years. *Id.* at 3. Bigge Crane submitted
4  cases in which lawyers with similar experience were awarded attorneys' fees at higher hourly rate.
5  *See* Rosin Supplemental Declaration, ECF No. 41 at 2-4. The court, therefore, finds Rosin and
6  Ashby's requested rates to be reasonable.

   *b. Reasonable Hours Expended*

   Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records documenting the tasks completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 945-46 (9th Cir. 2007).

   Bigge Crane requests $3,357 in attorneys' fees. Motion, ECF No. 36 at 2. The fees consist of 3.2 hours of work performed by Rosin at $370 per hour and 8.2 hours performed by Ashby at $265 per hour. Rosin Declaration, ECF No. 37 at 2. Bigge Crane submitted detailed hourly invoices that detailed a total of 19.4 hours expended. ECF No. 42. Bigge Crane's counsel also explained that they did not bill for more than $3,000 worth of work related to the earlier misidentified Translink, Inc. of Texas. Rosin Supplemental Declaration, ECF No. 41 at 4. The court has reviewed the hourly time invoices and finds Rosin and Ashby's requested hours to have been reasonably expended.

   *c. Costs*

   Bigge Crane requests $642 in costs. Motion, ECF No. 36 at 2. The costs are comprised of the filing fees and service of process fee. Rosin Declaration, ECF No. 37 at 2. These costs are reasonable.

## V. CONCLUSION

Because all parties have yet to consent to the undersigned's jurisdiction, the court **ORDERS** that this case be reassigned to a District Court Judge.

The court **RECOMMENDS** that the district court **GRANT** Bigge Crane's Motion for Default Judgment. The court further **RECOMMENDS** that the district court **AWARD** Bigge Crane

1 $908,190 in rent and repairs, $121,011, $3,357 in attorneys' fees and $642 in costs.

2 The court also **ORDERS** Bigge Crane to serve a copy of this order to Translink.

3 Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

6 This disposes of ECF No. 36.

7 **IT IS SO RECOMMENDED.**

9 Dated: July 28, 2011

_____
LAUREL BEELER
United States Magistrate Judge